DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CYNTHIA L. STIER (DCBN 423256)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-4395
    Telephone: (415) 436-7000
    Email: Cynthia.stier@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **3:18CR00252-001 WHO** |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| ANDREW STEPHEN FAYLONG, | **Date: June 25, 2020** |
| Defendant. | **Time: 1:30 p.m.** |

## I.    INTRODUCTION

On June 12, 2018, a one-count indictment was filed charging Andrew Stephen Faylong (Defendant) with a violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C) – Possession with Intent to Distribute Heroin (Count One).

Defendant entered a plea of guilty by open plea on November 16, 2018. Defendant was referred to ATIP on March 13, 2019, and successfully completed the program on April 8 2019. He is scheduled to be sentenced before the Honorable William H. Orrick, III on June 25, 2020, at 1:30 p.m.

US v. Faylong, 3:18-cr-00252-001-WHO
US Sent. Memo

## II. FACTUAL BACKGROUND

Andrew Faylong was identified as a mid-level heroin dealer from Sonoma County. PSR ¶ 6. Faylong was on probation with a warrantless search and seizure of his person, property, and personal business or vehicle at any time of the day or night. PSR ¶ 8. A GPS tracker was attached to Faylong's vehicle and a probation search conducted at his residence. PSR ¶ 8, 9. According to Faylong, he told officers there was an unloaded gun in his closet. PSR ¶ 9. Agents found drug paraphernalia with black tar heroin residue, a half ounce of marijuana, four ounces of heroin, heroin residue, approximately 100 hydrocodone tablets without a prescription, and a stack of approximately $100 in one-dollar bill dominations, three suboxone strips, and hand written notes with names and phone numbers, PSR ¶ 11, 12. DEA lab reports the drug quantity is 69.16 grams of heroin. PSR ¶ 15. Agents also found an unloaded .22 derringer type pistol. PSR ¶ 12. Faylong was fully cooperative during the detention.

## III. CRIMINAL HISTORY

The United States Probation Officer calculated Defendant's criminal history as CHC VI. Defendant, currently 38 years old, has a string of seven petty theft and burglary convictions between ages 25 and 30; a 2009 conviction at age 26 for driving on a suspended license; and possession of drugs in 2011 and 2012. The United States is in agreement with the USPO as CHC VI.

## IV. SENTENCING RECOMMENDATION

The PSR calculated a total offense level of 19, CHC VI, which results in a guideline imprisonment range of 63 – 78 months. The PSR recommends a sentence of time served, probation, and a $100 special assessment. The United States agrees with the PSR calculation of Total Offense level of 19 and Criminal History Category of VI.

The United States does not recommend a sentence however, it notes that the Court has discretion to impose a non-custodial sentence if appropriate based on the consideration of the § 3553(a) factors. In balancing the aggravating and mitigating factors, considering the serious nature of the offense, defendant's substantial criminal history, his childhood trauma, his long-term drug addiction, and his positive performance while in ATIP, it appears that Defendant's criminal conduct is related to his long-standing struggle with addiction. His post-plea performance appears to have mitigated his risk of recidivism. Because the Defendant's post-plea performance has been successful, the United States urges this Court to impose a period of supervised release or probation sufficient to continue the services recommended by probation.

## V.  CONCLUSION

The United States requests that the Court consider the aggravating and mitigating factors to determine if the Defendant presents a significant risk of recidivism pursuant to 18 U.S.C. § 3553(a), to consider an appropriate sentence, and to impose a period of probation to continue services recommended in the PSR.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 /s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney

US v. Faylong, 3:18-cr-00252-001-WHO
US Sent. Memo